## METROPOLITAN PETROLEUM CO. v.
## FIDELITY NATIONAL BANK OF SOUTH MIAMI.

No. 77-1115 SP 05.

County Court, Dade County.

June 29, 1977.

Malcolm B. Wiseheart, Jr., Miami, for the plaintiff.

Monroe Dixon, Miami, for the defendant.

SIDNEY L. SEGALL, County Court Judge.

This cause was submitted to the court on a formal "Stipulated Statement of Facts" prepared by counsel for the parties, which is set forth below —

THE PARTIES HERETO, by and through their undersigned Counsel, hereby Stipulate and Agree to the following Statement of Facts:

1. METROPOLITAN PETROLEUM COMPANY, (hereinafter called "METROPOLITAN") is a Florida corporation engaged in the business of distributing petroleum products and operating retail service stations in Dade County, Florida.

2. FIDELITY NATIONAL BANK OF SOUTH MIAMI, (hereinafter called "FIDELITY") is a United States banking corporation and does business at 5880 Bird Road, Miami, Florida.

3. METROPOLITAN held a demand deposit (checking account) with FIDELITY at all times material to this Statement of Facts.

4. During the month of September, 1976, an employee of METRO-POLITAN attempted to, and did, misappropriate sums totalling $622.00 belonging to METROPOLITAN in the following fashion:

A. METROPOLITAN'S employee came into possession of the following sums of money belonging to METROPOLI-TAN on the following dates:

September 21, 1976 .................................................. $ 368.50
September 25, 1976 .................................................. 1,614.16
September 26, 1976 .................................................. 319.60

TOTAL: $2,802.26

B. Instead of depositing the full amounts received on the above dates, the employee deposited to the credit of METRO-POLITAN'S account with FIDELITY $168.50 on September 21, 1976, $1,221.16 on September 25, 1976, and $790.60 on September 26, 1976, amounting to a total of $2,180.26, or $622.00 less than the amounts actually received by the employee. True and correct copies of the original deposit slips showing the actual amounts so deposited on the indicated dates are attached to the Plaintiff's Complaint as "Plaintiff's Exhibit B."

C. In order to conceal his withholding of funds from METROPOLITAN, the employee presented to the receiving tellers of FIDELITY and the said tellers stamped duplicate deposit slips on September 22, 1976, September 25, 1976, and September 26, 1976, indicating deposits on those dates in the amounts of $1,614.16, $819.60, and $368.50, respectively, or $622.00 more than actually received on the said dates. True and correct copies of the said false duplicate deposit slips are attached to Plaintiff's Complaint as "Plaintiff's Exhibit A."

5. There was no collusion between the employee of METROPOLI-TAN and any of the receiving tellers of FIDELITY.

6. The duplicate deposit slips were forwarded by the employee to the head office of METROPOLITAN together with the daily sales reports for the indicated days, true and correct copies of which are attached to the Plaintiff's Complaint as "Exhibit C-1," "Exhibit C-2," and "Exhibit C-3."

7. The head office of METROPOLITAN first learned of the discrepancy between the stamped duplicate deposit slips and the amount actually deposited on the indicated dates when METROPOLITAN received its monthly bank statement from FIDELITY for the month of

September, 1976, which was received by METROPOLITAN during or about the second week of October, 1976.

Law Office of MONROE DIXON
Attorney for Defendant,
   Fidelity National Bank of
   South Miami
P. O. Box 557242
Miami, Florida 33155
*Monroe Dixon*

MALCOLM B. WISEHEART, JR., P.A.
Attorney for Plaintiff,
   Metropolitan Petroleum Co.
Suite 1008 Forte Plaza
1401 Brickell Avenue
Miami, Florida 33131
*Malcolm B. Wiseheart, Jr.*

The court has given careful consideration to the problem presented, and, after due deliberation and study, is fully advised in the matter.

The general principles of law recognized and applied in the *California Bank* case, 25 Cal. Rptr. 383, 387, DCA, 2nd District, cited by counsel are equally applicable to the instant case. However, the facts herein are clearly distinguishable from the facts in the California bank case. In that case the depositor's agent was able "to conceal her scheme over a period of time because Diners' Club billings were not checked against receipts from the Diners' Club." Furthermore, the court found "since there is [was] substantial evidence in the record to show the thefts would have been discovered but for the bank's negligence, that negligence was a substantial factor in causing the loss and therefore must be regarded as a cause in fact of the loss."

Assuming arguendo that the bank's tellers in the instant case were negligent in stamping the false duplicate receipts, which varied in amount from the original deposit receipt in the sum of $622, such negligence was not the proximate cause of the loss sustained by the plaintiff depositor. The court must find from the evidence that the conduct of the plaintiff's agent (manager) in falsifying the amounts on the original deposit receipts was the proximate cause of the plaintiff's loss. But for the theft by the plaintiff's agent there would not have been any compensatory loss sustained by the plaintiff.

The general rule applicable to a bank deposit slip has been expressly recognized and followed in *Ash v. Livingston State Bank & Trust Co.*, Court of Appeal of Louisiana, First Circuit, 129 So.2d 863, 865, (1961). The court there applied the general principle of law that a "deposit slip . . . is not a written contract in which all negotiations are merged, but is merely a receipt constituting prima facie evidence that the bank received the sum stated at that time; it may be explained or contradicted by parol evidence on behalf of the depositor or of the bank. 7 Am. Jur. 330, Sec. 461."

The general rule of law is also well stated in Vol. 9, C.J.S., Banks and Banking, Sections 270 and 271a, pages 552, 553 —

> "270.  *Deposit Slips.*  A deposit slip is a mere acknowledgment by the bank that the amount named has been received, and an indication of the customer's purpose to make a deposit. While such slip constitutes an admission by the bank that the relation of debtor and creditor has been created, and furnishes evidence of the date and amount of deposit, it is not conclusive, and the true state of the accounts and not the deposit slip or bank entry determines the rights of the parties."

The court in the *Livingston State Bank* case, supra, at page 866, cited with approval and followed the decision in *American National Insurance Company v. Marine Bank & Trust Company*, 167 La. 153, 118 So. 871, 873, wherein the opinion quoted the following pertinent language —

> "It requires no lengthy citation of authorities to establish that a bank is not liable for the amount of a credit given for a deposit when in fact no such deposit was made.  Canal Bank & Trust Co. v. Priez, 14 Orleans App. 405."

On the basis of the foregoing findings, and, under the applicable principles of law, plaintiff is not legally entitled to recover.